UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN PAUL DURAND,

    Plaintiff,

v.

OAKLAND COUNTY CLERK, et al.,

    Defendants.

Case No. 19-10005
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING THE COMPLAINT**

Jonathan Paul Durand filed this lawsuit against the Oakland County Clerk along with a host of federal, state, and local agencies. (ECF No. 1.) Before the Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.)

Under 28 U.S.C. § 1915(a)(1), the Court may waive the plaintiff's filing fees if he shows that he is "unable to pay such fees." In his affidavit, Durand simply avers that he earns around $2,000.00. (ECF No. 2.) He does not include at what interval he makes this amount; i.e., weekly, biweekly, monthly, etc. (ECF No. 2.) Giving Durand the benefit of the doubt, the Court finds that he is unable to pay the required filing fee.

In cases where a plaintiff has been permitted to proceed *in forma pauperis*, the Court must screen the Complaint. And "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . —(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal of the case is appropriate if the complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id*. at 327–28.

The Court cannot discern any cognizable claim in the complaint. Although Plaintiff seeks to allege claims under the First and Fourteenth Amendments, he does not explain what those claims are. (*See* ECF No. 1.) He provides no supporting factual narrative or allegations. Instead, he attaches numerous documents to his complaint that are all marked up. Unfortunately, the Court is unable to crack the code. So the defective complaint is dismissed pursuant to §1915(e)(2)(B).

SO ORDERED.

                                s/Laurie J. Michelson
                                LAURIE J. MICHELSON
                                UNITED STATES DISTRICT JUDGE

Date: January 22, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, January 22, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                s/William Barkholz
                                Case Manager